**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| CHANNEL PARTNERS CAPITAL, LLC ) <br> ) <br> Plaintiff, ) <br> ) Case No.: <br> v. ) <br> ) <br> 99 FREIGHT, INC, and ) <br> STEFAN MILIC ) Claim amount: $197,965.45 plus <br> ) prejudgment interest, attorneys' fees, <br> Defendants. ) and attorneys' costs. <br> ) | |

**COMPLAINT**

NOW COMES Plaintiff, CHANNEL PARTNERS CAPITAL, LLC ("Channel Partners"), by and through its counsel, and for its Complaint against Defendants 99 Freight, Inc ("99 Freight"), and Stefan Milic ("Milic") (collectively the "Defendants"), states as follows:

**PARTIES**

1. Channel Partners is a Delaware limited liability company with its principal place of business located in Minnetonka, Minnesota. Channel Partners' sole member is CPC Investments, LLC, a Delaware limited liability company, located at 40th West 57th Street, 4th Floor, New York, New York 10019, whose sole member is CPC Investor, LLC. CPC Investor, LLC is a Delaware limited liability company, located at 40th West 57th Street, 4th Floor, New York, New York 10019, whose members are: CPC International, Inc., a Delaware corporation, whose principal place of business is located at 40th West 57th Street, 4th Floor, New York, New York 10019 and CPC Associates, Inc., a Delaware corporation, whose principal place of business is located at 40th West 57th Street, 4th Floor, New York, New York 10019.

2.  99 Freight is an Indiana corporation with its principal place of business located at 1708B Michigan Street, Hammond, Indiana 46320. Upon information and belief, Stefan Milic serves as the President of 99 Freight.

3.  Stefan Milic is a citizen of the state of Illinois who maintains his domicile at 8318 47th St. Suite 2, Lyons, Illinois 60534.

## JURISDICTION AND VENUE

4.  Subject Matter Jurisdiction is appropriate in this Court, pursuant to 28 U.S.C. § 1332(a)(1) insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.  Personal Jurisdiction over Stefan Milic is appropriate in this Court, pursuant to Ind. R. Trial P. 4.4(A)(1), (3), and (6) insomuch as:

   a. Per Ind. R. Trial P. 4.4(A)(1), Stefan Milic is the President of 99 Freight, with its principal place of business located at 1708B Michigan Street, Hammond, Indiana 46320, and have conducted business in this state by entering into a contractual relationship for the business loan.

   b. Per Ind. R. Trial P. 4.4(A)(3), upon information and belief, Stefan Milic derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered from 99 Freight.

   c. Per Ind. R. Trial P. 4.4(A)(6), Stefan Milic, as the President of 99 Freight, contracted to insure or act as surety for or on behalf of property located within this state at the time the contract was made, and

   d. Per Ind. R. Trial P. 4.4(A), this Court may exercise personal jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), because 99 Freight's principal place of business is located in this judicial district and because a substantial portion of the events giving rise to this suit occurred in this District.

## BACKGROUND

7. On or about November 18, 2022, Channel Partners, as Secured Party, and 99 Freight, as Customer, entered into Business Loan and Security Agreement No. XXX53-1W, (the "Agreement"), for a cash advancement in the amount of $200,000.00 (the "Loan"). A true and correct copy of the Agreement is attached hereto as Exhibit 1.

8. Pursuant to the Agreement, 99 Freight agreed to make fifty-two (52) consecutive weekly payments of $4,961.54. See Exhibit 1.

9. To induce Channel Partners to enter into the Agreement, Milic personally guaranteed 99 Freight's obligations to Channel Partners (the "Guaranty"). The Guaranty is set forth on the face of the Agreement.

10. Channel Partners fully performed its obligations under the Agreement and Guaranty.

11. 99 Freight failed to make the payments due to Channel Partners on January 30, 2023 under the Agreement.

12. Milic failed to make payments due to Channel Partners under the Guaranty.

13. Failure to make timely payments is a breach of the Agreement and the Guaranty. See Exhibit 1, ¶ 5.

14. Upon the occurrence of an event of default, Channel Partners is entitled to: all sums due or to become due; plus attorneys' fees and costs. See Exhibit 1, ¶ 11.

15. Channel Partners demanded payment from the Defendants under the Agreement and Guaranty, but Defendants failed to pay the same. See the demand letters attached hereto as Exhibit 2.

16. The remaining balance due to Channel Partners under the Agreement and the Guaranty is $197,965.45, consisting of:

**Agreement No. XXX53-1W**

| | | |
|---|---|---|
| a. | Subtotal due under Agreement: | $208,384.68 |
| b. | Any Applicable Discount: | ($10,419.23) |
| | **Total due under the Agreement:** | **$197,965.45** |

17. In addition, the Agreement entitles Channel Partners to recover its interest, attorneys' fees and costs. See Exhibit 1, ¶ 5.

## COUNT I - BREACH OF CONTRACT AGAINST DEFENDANT 99 FREIGHT, INC

18. Plaintiff re-alleges Paragraphs 1 through 20 of its Complaint as though fully set forth herein.

19. 99 Freight defaulted under the Agreement by failing to make all payments when due.

20. Because of 99 Freight's default under the Agreement, Channel Partners has suffered actual damages in the amount of $197,965.45 plus prejudgment interest and attorneys' fees and costs.

WHEREFORE, Channel Partners Capital, LLC respectfully requests that the Court enter judgment in its favor and against Defendant 99 Freight, Inc in the amount of $197,965.45

plus prejudgment interest and attorneys' fees and costs, and all other such relief which this Court deems just.

## COUNT II - BREACH OF GUARANTY AGAINST DEFENDANT STEFAN MILIC

21. Plaintiff re-alleges Paragraphs 1 through 23 of its Complaint as though fully set forth herein.

22. Under the Guaranty, Milic is indebted to Channel Partners for the amounts due to Channel from 99 Freight under the Agreement.

23. Milic has failed to pay the amounts due to Channel Partners.

24. Accordingly, Milic has defaulted under the Guaranty.

25. Due to Milic's default under his Guaranty, Channel Partners has suffered actual damages in the amount of $197,965.45 plus prejudgment interest and attorneys' fees and costs.

WHEREFORE, Channel Partners Capital, LLC respectfully requests that the Court enter judgment in its favor and against Defendants Stefan Milic in the amount of $197,965.45 plus prejudgment interest and attorneys' fees and costs, and all other and relief which this Court deems just.

                                                      CHANNEL PARNTERS CAPITAL, LLC.

                                  By:    /s/ D. Alexander Darcy

                                           Alex Darcy (ARDC # 06620515)
                                           Darcy & Devassy PC
                                           444 N. Michigan Avenue, Suite 3270
                                           Chicago, IL 60611
                                           (312) 784-2400 (t)
                                           (312) 784-2410 (f)
                                           adarcy@darcydevassy.com