UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHANNEL PARTNERS CAPITAL, LLC, | |
| Plaintiff, | |
| v. | Case No. 2:23-CV-292-CCB-AZ |
| 99 FREIGHT, INC, et al., | |
| Defendants. | |

**ORDER**

This matter is before the Court on Plaintiff Channel Partners Capital, LLC's ("Channel Partners") Motion for Default Judgment against Defendants 99 Freight Inc. ("99 Freight") and Stefan Milic ("Milic"). [DE 12]. For the reasons stated herein, Channel Partners' motion is denied without prejudice.

**Background**

Channel Partners alleges that it, as the secured party, and 99 Freight, as the customer, entered into a Business Loan and Security Agreement No. XXX53-1W ("the "Agreement") for a cash advancement in the amount of $200,000. [DE 1 at ¶ 7]. Under the terms of the Agreement, 99 Freight allegedly agreed to make weekly payments. [*Id.* at ¶ 8]. Milic, the president of 99 Freight, also allegedly personally guaranteed 99 Freight's obligations to Channel Partners (the "Guaranty") as part of the Agreement. [*Id.* at ¶ 9]. Channel Partners alleges that 99 Freight and Milic failed to make timely payments due to Channel Partners in breach of the Agreement and Guaranty, respectively, and that Channel Partners is now entitled to all sums due or to become due under the Agreement, plus interest, attorneys' fees, and costs. [*Id.* at ¶ 14].

On December 22, 2023, the Clerk entered default against both 99 Freight and Milic pursuant to Fed. R Civ. P. 55(a). [DE 6-7]. On February 14, 2024, Channel Partners filed a notice informing

the Court that on January 5, 2024, Milic filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois, Case No. 24-00128, and that this matter should be stayed. [DE 8]. The Court ordered that this action be stayed as to Milic pursuant to 11 U.S.C. § 362(a), but that the case remains active and not stayed as to 99 Freight. [DE 9]. The Court further ordered that the Court shall retain jurisdiction as to Milic, and that this case as to Milic "shall be restored to the trial docket upon motion of a party if circumstances change so that it may proceed to final disposition." [*Id.* at 2].  No party has moved to lift the stay as to Milic as ordered by the Court.

## Analysis

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment.  Prior to obtaining a default judgment under FRCP 55(b), the clerk must enter the party's default under FRCP 55(a).  *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005).  Under Fed. R. Civ. P. 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend.  The clerk entered default against both 99 Freight and Milic before the case was stayed as to Milic. [DE 6-7].

The Court now considers Channel Partners' Motion for Default Judgment. [DE 12]. The judge "may consider a number of factors including whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have." *Wolf Lake Terminals*, 433 F. Supp. 2d at 941.  Plaintiffs must "demonstrate that they [are] entitled to judgment as a matter of law" and "the court must assume that the factual allegations are, by reason of the default, true." *Cass Cnty. Music Co. v. Muedini*, 55 F.3d 263, 265–266 (7th Cir. 1995).  Default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff on each cause of action alleged in the complaint. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

Channel Partners moves for default judgment against both Defendants. [DE 12]. In its motion, Channel Partners asserts that Milic's bankruptcy case was dismissed without a discharge on March 19, 2024. [*Id.* at ¶ 4]. However, no party has moved to lift the stay as to Milic as required by the Court's order. Without any motion by the parties, the Court has not ordered that Milic be restored to the trial docket, so the case only presently remains active and not stayed as to 99 Freight. Because this case remains stayed as to Milic, the Court finds it improper to rule on Channel Partners' motion for default judgment as to Milic. The Court thus considers Channel Partners' motion for default judgment as to 99 Freight only.

"Courts have recognized that if an entry of a default judgment against a defendant in a multi-defendant action could result in inconsistent judgments, entry of a default judgment prior to adjudication of the merits of the case with regard to the nondefaulting defendants may be improper." *State Farm Mut. Auto. Ins. Co. v. Jackson*, 736 F.Supp 958, 961 (S.D. Ind. 1990) (citing *Marshall & Ilsley Trust Co. v. Pate*, 819 F.2d 806 (7th Cir. 1987); *In re Uranium Antitrust Litigation*, 617 F.2d 1248 (7th Cir. 1980)). In the Seventh Circuit, this has been narrowly construed and applied "only when the theory of recovery is one of joint liability or when the nature of the relief is such that [it] is necessary that judgments against the defendants be consistent." *Id.*

In its motion for default judgment, Channel Partners argues that 99 Freight and Milic are jointly and severally indebted to Channel Partners in the amount of $238,965.85. [DE 12 at 4]. Because Channel Partners is alleging that 99 Freight and Milic are jointly and severally liable for damages, the Court also finds it improper to rule on the pending motion for default judgment as to 99 Freight because a decision on damages against 99 Freight before the resolution of Channel Partners' allegations against Milic could result in an inconsistent judgment. *See In re Uranium Antitrust Litig.*, 617 F.2d at 1261-63.

3

Once the stay as to Milic is lifted, and Channel Partners' claims against 99 Freight and Milic are resolved, whether by agreement of the parties or judgment by the Court finding 99 Freight and Milic as defaulting defendants, the amount of any damages will need to be determined. When a party seeks entry of default judgment by the Court, the "court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed.R.Civ.P. 54(c). Upon default, the factual allegations of damages in a complaint are ordinarily not taken as true. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir.1983). "Thus, a judgment by default may not be entered without a hearing on damages unless 'the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'" *Trustees of Cent. Laborers' Pension, Welfare & Annuity Funds v. L.D. Bush Const., Inc.*, No. 10-1010-DRH/PMF, 2011 WL 1549258, at *1–2 (S.D. Ill. Apr. 21, 2011) (quoting *Dundee Cement Co.*, 722 F.2d at 1323)). Either way, the plaintiff bears the burden of presenting evidence of damages sufficient for the court to "to ascertain the amount of damages with reasonable certainty" before default judgment may be entered. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (internal quotation omitted). The Court acknowledges that Channel Partners provided detailed affidavits and documentary evidence in support of its motion for default judgment. If Channel Partners refiles a motion for default judgment, it may be necessary for Channel Partners to provide updated affidavits and documentary evidence in support of its motion.

## Conclusion

For the foregoing reasons, Channel Partners' Motion for Default Judgment [DE 12] is **DENIED WITHOUT PREJUDICE**.

4

SO ORDERED.

December 18, 2024

                                                    /s/ *Cristal C. Brisco*  
                                                 CRISTAL C. BRISCO, JUDGE  
                                                 UNITED STATES DISTRICT COURT