IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHANNEL PARTNERS CAPITAL, LLC, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> 99 FREIGHT, INC., and ) <br> STEFAN MILIC ) <br> ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:23-cv-00292 |

## CHANNEL PARTNERS CAPITAL, LLC'S MOTION FOR DEFAULT JUDGMENT

NOW COMES Plaintiff CHANNEL PARTNERS CAPITAL, LLC ("Channel Partners"), by and through its counsel, and for its Motion for Default Judgment (the "Motion") against Defendants 99 FREIGHT INC. ("99 Freight") and STEFAN MILIC ("Milic") (collectively the "Defendants") pursuant to FED. R. CIV. P. 55(b), states as follows:

## BACKGROUND

1. On August 29, 2023, Channel Partners filed its Complaint against 99 Freight for breach of contract and Milic for breach of guaranty. *See* Docket No. 1.

2. On November 10, 2023, 99 Freight was served via posting at 8318 47th St. Suite 2, Lyons, IL 60534. A true and correct copy of this Court's Summons and 99 Freight's Affidavit of Service is attached hereto as Group Exhibit 1. *See* also Docket Entry No. 3.

3. On November 10, 2023, Milic was served via posting at 8318 47th St. Suite 2, Lyons, IL 60534. A true and correct copy of this Court's Summons and Milic's Affidavit of Service is attached hereto as Group Exhibit 2. *See* also Docket Entry No. 4.

4. On January 5, 2024, Stefan Milic filed a voluntary petition for relief under Chapter 7 of the Bankruptcy code in the United States Bankruptcy Court for the Northern District of Illinois, as Case Number 24-00128. On March 19, 2024, Milic's bankruptcy case was dismissed without a discharge. *See* Docket No. 26 in his bankruptcy case attached hereto as Exhibit 3.

5. On December 18, 2024, Channel Partners' Motion for Default Judgment was denied, without prejudice. The court found it improper to rule on Channel Partners' Motion for Default Judgment as to Milic because no party had moved to lift the stay as to Milic as required by the Court's order. *See* Docket Entry No. 15 attached hereto as Exhibit 4.

6. On February 11, 2025, Channel Partners' Motion to Dissolve Stay was granted, and the court ordered the stay as to Milic lifted. *See* Docket Entry No. 17 attached hereto as Exhibit 5.

7. Pursuant to FED. R. CIV. P. 12(A)(1)(A)(i) and the Summonses, 99 Freight's and Milic's response to the Complaint was due by December 1, 2023, twenty-one (21) days after being served with Channel Partners' Complaint and the Summonses. *See* FED. R. CIV. P. 12(A)(1)(A)(i) (West 2023).

8. Pursuant to FED. R. CIV. P. 55(b)(2), a judgment by default may be entered against 99 Freight and Milic for failing to timely file an appearance, answer, or other responsive pleading. *See* FED. R. CIV. P. 55(b)(2) (West 2023).

9. 99 Freight and Milic have failed to file an appearance or answer. *See* Docket.

10. Upon information and belief, Milic is not subject to the Soldier's and Sailor's Act of 1940. *See* Affidavit of Military Service, attached hereto as Exhibit 6.

11. Pursuant to FED. R. CIV. P. 8(b)(6), having failed to file a timely appearance or answer and having not explicitly denied every allegation of Channel Partners' Complaint, 99

2

Freight admits to the allegations of Channel Partners' Complaint. *See* FED. R. CIV. P. 8(b)(6) (West 2023).

12. Therefore, 99 Freight and Milic admit:

   a. On or about November 18, 2022, Channel Partners, as Secured Party, and 99 Freight, as Customer, entered into Business Loan and Security Agreement No. XXX53-1W, (the "Agreement"), for a cash advancement in the amount of $200,000.00 (the "Loan").

   b. Under to the Agreement, 99 Freight agreed to make fifty-two (52) consecutive weekly payments of $4,961.54.

   c. To induce Channel Partners to enter into the Agreement, Milic personally guaranteed 99 Freight's obligations to Channel Partners (the "Guaranty").

   d. 99 Freight failed to make the payments due to Channel Partners on January 30, 2023 under the Agreement.

   e. Milic failed to make payments due to Channel Partners under the Guaranty.

   f. Failure to make timely payments is an Event of Default under the Agreement and Guaranty.

   g. Upon the occurrence of an Event of Default, Channel Partners is entitled to all sums due or to become due, less five percent (5%) of the remained unpaid payments, plus prejudgment interest at a rate of eighteen percent (18%) per annum, plus attorneys' fees and costs.

   h. The remaining balance due to Channel Partners under the Agreement is $238,965.85, consisting of:

   **Agreement No. XXX53-1W**
       i. Remaining Balance Due:                                 $208,384.68

| | | |
|---|---|---|
| ii. | Any Applicable Discount: | -($10,419.23) |
| iii. | Prejudgment interest pursuant to Paragraph 5:<br>$197,965.45 x .18 (18.00%) = $35,633.78 per annum<br>$35,633.78 / 365 days = $97.62 per diem<br>(Date of default of 1/30/2023 to 3/25/2024 = 420 days)<br>$97.62 x 420 days = $41,000.40 | $41,000.40 |
| | **TOTAL AMOUNT DUE:** | **$238,965.85** |

    i. Channel Partners demanded payment from 99 Freight under the Agreement and Guaranty, but 99 Freight failed to pay the same.

    j. Channel Partners fully performed all of its obligations under the Agreement and Guaranty.

*See* Affidavit of Shawna Thooft, for Channel Partners ("Thooft Affidavit"), Paragraphs 8 – 18, attached hereto as Exhibit 7.

## DAMAGES

10. Under Count I and II of Channel Partners' Complaint against 99 Freight and Milic, as a result of 99 Freight's default under the Agreement and Milic's default under his guaranty, 99 Freight and Milic are indebted to Channel Partners, jointly and severally, in the amount of $238,965.85 which consists of the remaining balance due under the Agreement of $208,384.68, plus prejudgment interest in the amount of $41,000.40. *See* Thooft Affidavit, Paragraph 15.

11. Channel Partners further is entitled to attorneys' fees and costs in the amount of $6,177.95. *See* Affidavit of D. Alexander Darcy in Support of Attorneys' Fees and Costs, attached hereto as Exhibit 8.

WHEREFORE, Plaintiff CHANNEL PARTNERS CAPITAL, LLC respectfully requests that this Court:

a. Grant Channel Partners Capital, LLC's Motion for Default Judgment against Defendant 99 Freight, Inc. and Stefan Milic;

b. As to Counts I and II, enter judgment in favor of Channel Partners Capital, LLC and against Defendant 99 Freight, Inc. and Stefan Milic, jointly and severally, in the amount of $238,965.85, plus attorneys' fees and costs in the amount of $6,177.95, for a total of $245,143.80;

c. Awarding further relief as this Court deems just and proper.

**CHANNEL PARTNERS CAPITAL, LLC,**

By:   /s/ D. Alexander Darcy

D. Alexander Darcy (ARDC No.: 06220515)
Darcy & Devassy PC
444 N. Michigan Avenue, Suite 3270
Chicago, IL 60611
(312)784-2400 (t)
(312)784-2410 (f)
adarcy@darcydevassy.com